# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUZ R., | Case No. 5:20-cv-01341-PD |
| Plaintiff, | **MEMORANDUM OPINION AND ORDER** |
| v. | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | |
| Defendant. | |

## I.   SUMMARY OF RULING

Plaintiff challenges the denial of her application for Social Security disability benefits.  The Court concludes that the Administrative Law Judge ("ALJ") failed to properly consider the medical evidence of record and erred in assessing Plaintiff's Residual Functional Capacity ('RFC").  For the reasons

stated below, the Court finds that this matter should be remanded for further proceedings.[1]

## II.    PROCEEDINGS BELOW AND ISSUES PRESENTED

In April 2016, Plaintiff applied for disability benefits, alleging disability since February 2009. [Administrative Record ("AR") 17; Joint Stipulation ("JS") at 2.][2] Plaintiff requested that her alleged onset of disability be amended to May 3, 2016, explaining that this was the date she became unable to work at all. [AR 17.]  The ALJ amended the alleged onset date of disability from February 2009 to May 3, 2016. [AR 17.] In April 2019, the ALJ held a hearing at which Plaintiff, her daughter, and an impartial vocational expert testified. [AR 17, 36-67.] Although informed of her right to representation, Plaintiff chose to appear and testify without the assistance of counsel or other representative. [AR 17.] In July 2019, the ALJ issued a decision that Plaintiff is not disabled within the meaning of the Social Security Act. [AR 17-28.]

The ALJ performed the five-step sequential analysis required by the Social Security Act. *Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995); 20 C.F.R. § 416.920(a). At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since May 3, 2016, the amended alleged onset date. [AR 19, ¶ 2.] At step two, the ALJ found that Plaintiff has the following severe impairments, which significantly limit her ability to perform basic work activities:  disorders of the spine and major joints, cardiac disorders, and

---

[1] Plaintiff's name is partially redacted in accordance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.  Kilolo Kijakazi, the Acting Commissioner of the Social Security Administration, is hereby substituted in as the Defendant pursuant to Rule 25(d.

[2] The Administrative Record is CM/ECF Docket Numbers 14-1 through 14-33 and the Joint Stipulation is Dkt. No. 15.

fibromyalgia. [AR 20, ¶ 3.] The ALJ further found Plaintiff's medically determinable mental impairments of depression, anxiety, and somatic disorders, both singularly and in combination to all be non-severe impairments. [AR 21.] At step three, the ALJ found that Plaintiff does "not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." [AR 22, ¶ 4.]

Before proceeding to step four, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. § 404.1567(a), "except she can occasionally climb ramps or stairs, never climb ladders, ropes, or scaffolds, can occasionally balance, and requires the use of a hand-held assistive device for ambulation." [AR 22-23, ¶ 5.] The ALJ explained that this RFC assessment was based "substantially on the objective medical evidence of record, such as hospital and treatment records, as well as the subjective evidence consisting of the testimony and previous statements of the [Plaintiff] as to her abilities to complete daily activities." [AR 27.] At step four, the ALJ found that Plaintiff is capable of performing her past relevant work as an outpatient receptionist, which does not require the performance of work-related activities precluded by the RFC finding. [AR 27-28, ¶ 6.] Accordingly, the ALJ concluded that Plaintiff was not disabled under the Social Security Act from May 3, 2016 through the date of the ALJ's decision. [AR 28, ¶ 7.]

Plaintiff contends that the ALJ erred in assessing the RFC by failing to properly consider (1) the relevant medical evidence of record, and (2) the subjective statements and testimony of Plaintiff and her family. [JS 4.]

## III. STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the agency's decision to deny benefits. A court will vacate the agency's decision "only if the ALJ's decision was not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard." *Coleman v. Saul*, 979 F.3d 751, 755 (9th Cir. 2020) (citations omitted). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Id.*; *Biestek v. Berryhill*, ___ U.S. ___, 139 S. Ct. 1148, 1154 (2019) (same). "And even when this modest burden is not met, we will not reverse an ALJ's decision where the error was harmless." *Smith v. Kijakazi*, __ F.4th __, 2021 WL 4486998 *2 (9th Cir. Oct. 1, 2021). Error is harmless if "it is inconsequential to the ultimate nondisability determination" or, despite the legal error, "the agency's path is reasonably discerned." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014).

## IV. DISCUSSION

### A. Failure to Properly Consider Relevant Medical Evidence in Formulating Plaintiff's Residual Functional Capacity

A RFC is "an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis." Soc. Sec. Ruling ("SSR") 96-9p, 1996 WL 374184, at *1 (1996). It reflects the most a claimant can do despite their limitations. *Smolen v. Chater*, 80 F.3d 1273, 1291 (9th Cir. 1996). An RFC determination must be based on all of the relevant evidence, including the diagnoses, treatment, observations, and opinions of medical sources, such as treating and examining physicians. 20 C.F.R. § 404.1545. The ALJ is responsible for translating and incorporating supported medical evidence into a succinct RFC. *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015).

4

It is the ALJ's responsibility to resolve conflicts in the medical evidence and ambiguities in the record. *Ford v. Saul*, 950 F.3d 1141, 1149 (9th Cir. 2020). Where this evidence is "susceptible to more than one rational interpretation" the ALJ's reasonable evaluation of the proof should be upheld. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008); *Tran v. Saul*, 804 F. App'x 676, 678 (9th Cir. 2020).

The ALJ assessed that Plaintiff had the RFC to perform sedentary work as defined in 20 C.F.R. § 404.1567(a), with additional limitations. [AR 22-23.] Sedentary work is defined as follows:

> Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. § 404.1567(a). The ALJ added limitations that Plaintiff can occasionally climb ramps or stairs, never climb ladders, ropes, or scaffolds, occasionally balance, and that she requires the use of a hand-held assistive device for ambulation. [AR 22-23.]

In concluding that Plaintiff can perform a reduced range of sedentary work, the ALJ afforded some weight to the consulting opinion of orthopedic surgeon Dr. Vicente R. Bernabe. [AR 25, 2383-88.] Dr. Bernabe's inspection of Plaintiff's thoracic spine was "unrevealing," though he could not determine the full range of lumbar spine motion because Plaintiff was in a wheelchair throughout the February 2017 examination. [AR 2385-86.] Based on formal testing and direct observation of Plaintiff, Dr. Bernabe opined that she can stand or walk for no more than two hours in an eight-hour workday, can occasionally bend, kneel, stoop, crawl, and crouch, cannot walk on uneven

terrain, climb ladders, or work at heights, and needs a wheelchair for ambulation. [AR 2387-88.] The ALJ concurred with Dr. Bernabe's limitations on the range of sedentary work and included them in the RFC.

The ALJ found, however, that "the requirement for a wheelchair is not completely supported by the medical evidence of record." [AR 25.] The medical records show that in November 2016, Plaintiff was prescribed a wheelchair for routine use for twelve months. [AR 1997.] The ALJ explained that "[t]reatment records have noted reports that [Plaintiff] is able to walk with a walker, manage stairs with a cane, and get up from the wheelchair and onto an exam table upon request." [AR 25.] Specifically, treatment records from November 2016 – the same month when the wheelchair was prescribed -- note that imaging of Plaintiff's spine does not support inability to walk and that she was able to get on the exam table from her wheelchair. [AR 25, 3007, 3011.] December 2016 treatment records state that Plaintiff reported being able to walk up to 6 yards using her walker and using the cane for stairs with a handrail, and that Plaintiff can get onto an exam table with assistance. [AR 25, 3043.] June 2017 treatment records state that Plaintiff gets around using a wheelchair but is able to transfer using a cane and with moderate to maximum assistance. [AR 25, 4256.] The ALJ also found that the opinion regarding a range of sedentary work is consistent with Plaintiff's activities of daily living, which include driving her son to the bus stop for school every morning. [AR 25.]

At the hearing, the vocational expert had opined that an individual of Plaintiff's age, education and work experience, at the sedentary exertion level with the additional limitations, could perform Plaintiff's past work. [AR 59.] The ALJ then asked, "what if the person also required the use of a handheld assistive device for ambulation?" [Id.] The vocational expert testified:

6

> Well, it depends upon the environment. What I would suggest is that if we're talking about an outpatient receptionist, it's not going to be too much of a problem. We're not talking, necessarily, about busy offices. Any reason for moving, that would be work related would probably be close by. We're not talking about an individual that provides client services, just checking them in and out and answering questions. I think that would still work.

[AR 60.] The vocational expert explained that this opinion is based on over 40 years of professional experience, as the DOT does not address assistive devices. [Id.]

At the fifth step of the sequential analysis, the burden shifts to the Commissioner to demonstrate that the claimant is not disabled and can engage in work that exists in significant numbers in the national economy. *Hill v. Astrue*, 698 F.3d 1153, 1161 (9th Cir. 2012) (citing 20 C.F.R. § 404.1520(a)(4)(v); *Lockwood v. Comm'r. of Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010)). The ALJ may meet this burden by asking a vocational expert a hypothetical question based on medical assumptions that are supported by substantial evidence in the record and that reflect all the claimant's limitations, both physical and mental, supported by the record. *Hill*, 698 F.3d at 1161 (citations omitted). "If a vocational expert's hypothetical does not reflect all the claimant's limitations, then the expert's testimony has no evidentiary value to support a finding that the claimant can perform jobs in the national economy." *Id.* at 1162 (citation omitted). *See Harmon v. Saul*, 850 F. Appx. 485, 488 (9th Cir. 2021) (vocational expert's testimony was inadequate and could not support ALJ's determination that claimant was not entitled to benefits because the ALJ's hypotheticals to vocational expert did not address the plaintiff's impaired writing ability, which was supported by the record medical evidence); *Montero v. Berryhill*, 726 F. Appx. 607 (9th Cir. 2018) (ALJ erred in posing hypothetical to

vocational expert that did not include claimant's alleged limitations or provide clear and convincing reasons for discounting this testimony).

As set forth above, in November 2016 a wheelchair was prescribed, and Dr. Bernabe noted that Plaintiff was in a wheelchair and needed a wheelchair for ambulation. The medical records contain multiple references to Plaintiff's unsteady gait and her use of a wheelchair or a walker. [AR 1963-64, 1975-77, 2318, 2322, 2385, 2977-3000, 3144, 3152, 3162.] Plaintiff testified that she has used a wheelchair since May 2016 and that she cannot walk very far with the walker. [AR 47.]

The ALJ's hypothetical question to the vocational expert was limited to a handheld assistive device, which by definition would not include a wheelchair or a walker. The ALJ did not ask whether the use of a wheelchair or walker would affect the expert's opinion. The use of an assistive device can erode a claimant's ability to meet the requirements of sedentary work:

> Since most unskilled sedentary work requires only occasional lifting and carrying of light objects such as ledgers and files and a maximum lifting capacity for only 10 pounds, an individual who uses a medically required hand-held assistive device in one hand may still have the ability to perform the minimal lifting and carrying requirements of many sedentary unskilled occupations with the other hand. For example, an individual who must use a hand-held assistive device to aid in walking or standing because of an impairment that affects one lower extremity (e.g., an unstable knee), or to reduce pain when walking, who is limited to sedentary work because of the impairment affecting the lower extremity, and who has no other functional limitations or restrictions may still have the ability to make an adjustment to sedentary work that exists in significant numbers. On the other hand, the occupational base for an individual who must use such a device for balance because of significant involvement of both lower extremities (e.g., because of a neurological impairment) may be significantly eroded.

Social Security Ruling ("SSR") 96-9P, 1996 WL 374185 at *7.

8

Because the ALJ's hypothetical did not reflect all of Plaintiff's limitations, the vocational expert's testimony was inadequate and cannot support the ALJ's determination that Plaintiff was not entitled to benefits. *Hill*, 698 F.3d at 1162. This error was not harmless because it was not "inconsequential to the ultimate disability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). In response to the ALJ's question regarding the use of a handheld assistive device, the vocational expert responded that "[i]t depends upon the environment." [AR 59.] The vocational expert may have responded differently if asked regarding the use of a wheelchair or walker. Thus, remand is warranted on this basis and the ALJ should include all of Plaintiff's limitations in formulating his hypothetical to the vocational expert.

### B.     Other Issues

Plaintiff contends that the ALJ's decision is also erroneous because the ALJ failed to properly consider Plaintiff's subjective statements of record and testimony under oath as well as third party statements in the assessment of Plaintiff's RFC. In light of the Court's conclusion that the case be remanded, it does not address this other issue raised by Plaintiff. However, given the errors in the ALJ's opinion, the ALJ should address each of Plaintiff's contentions of error on remand.

### C.     Conclusion

The decision whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion. *Harman v. Apfel*, 211 F.3d 1172, 1175-78 (9th Cir. 2000). When no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *Id.* at 1179 ("the decision of whether to

remand for further proceedings turns upon the likely utility of such proceedings"). But when there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate. *Id*. A remand for an immediate award of benefits is appropriate "only in rare circumstances." *Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (internal citation omitted). The Court finds that the appropriate remedy is to remand on an open record rather than for a calculation of benefits per *Garrison v. Colvin*, 759 F.3d 995 (9th Cir. 2014).

For all of the foregoing reasons, IT IS ORDERED that:

(1) the Decision of the ALJ is REVERSED and this matter REMANDED for further administrative proceedings consistent with this Memorandum Opinion and Order; and

(2) Judgment be entered in favor of Plaintiff.

Dated: October 22, 2021

_____
HON. PATRICIA DONAHUE
UNITED STATES MAGISTRATE JUDGE